FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 OCT 20 AM 10:27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JIWAT TOLWANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   CV 98-J-2916-S |
| | ) | |
| RAYTHEON ENGINEERS & | ) | |
| CONSTRUCTORS, RUST | ) | |
| CONTRACTORS, INC., | ) | ENTERED |
| | ) | |
| Defendants. | ) | OCT 20 1999 |

**MEMORANDUM OPINION**

This cause comes before the court on Defendant Rust Contractors, Inc. motion for summary judgment (doc. 16). This court has considered Defendant's motion for summary judgment (doc. 16) along with the briefs and evidentiary materials submitted in support thereof and in opposition thereto.

**Undisputed material facts**

Rust Contractors, Inc. is a division of Raytheon Company, performing open shop or merit shop construction for Raytheon Engineers and Constructors. Cravens Depo. at 19. In 1998, Rust entered into a contract with the federal government to perform work at Fort Sam Houston in San Antonio, Texas. Mattox Decl. ¶ 3. The contract was expected to last five years. Tolwani Depo. at 69. As part of the contract, Defendant agreed to

1

31

employ a professional engineer with job order contracting ("JOC") experience. Mattox Decl. ¶ 4. "JOC" is a construction maintenance contract of indefinite quantity. After difficulty in filling the position, Rust sought and obtained permission from the government to hire two employees. *Id.* One employee would fill the professional engineer requirement and the other would perform JOC. *Id.*

Because the job requirements had been split, to be qualified for either position all interested parties were required to have JOC experience or be licensed in Texas as a professional engineer. As to the first position, Plaintiff testified he was unfamiliar with the term JOC and he requested the position be explained to him at his deposition. Tolwani Depo. at 72. With regards to the professional engineer position, Plaintiff was a registered professional engineer in the states of Ohio and Alabama. However, he was not registered in Texas. One of the qualifications for the professional engineer position was a Texas registration as a professional engineer. Mattox Decl. at ¶ 9.

Despite the fact he was unqualified, Plaintiff submitted his resume for the position to Dennis Noland. Tolwani Depo. at 62. Noland is Defendant's Human Resource Manager. Noland Depo. at 6. After receipt of Plaintiff's resume Tucker Mattox, Vice President of Rust, interviewed Plaintiff for the position. Mattox Depo. at 19. The job for which Plaintiff interviewed required that he relocate from Birmingham, Alabama to San Antonio, Texas. Tolwani Depo. at 69. Plaintiff testified at his deposition that he told Mattox he could not or would not want to relocate for another year. Tolwani Depo. at 66.

As an alternative, Plaintiff suggested Defendant allow his family to remain in Birmingham and pay Plaintiff a per diem allowance so that he could live in San Antonio during the week and go home on the weekends. Tolwani Depo. at 69-70. Plaintiff suggested between twenty and thirty dollars a day per diem. Tolwani Depo. at 70. The budget for the Fort Sam Houston project did not have the funding to give a per diem to Plaintiff. Mattox Decl. ¶ 2. Mattox testified Plaintiff was no longer considered for the position because of his inability to relocate immediately. Mattox Decl. ¶ 7.

Plaintiff was not hired by Rust Engineers for the professional engineer position for the Fort Sam Houston project. Instead, Dave Geiber was hired. Mr. Geiber was a registered professional engineer in Texas. Defendant's Exh. B at 3. Additionally, Geiber resided in the State of Texas. Therefore, Defendant would save money by hiring Geiber instead of Plaintiff because they would not be responsible for the relocation costs and/or per diem. Mattox Decl. ¶ 9.

Nor was Plaintiff was hired for the JOC position. Instead, Tom Lacy was hired. Unlike Plaintiff, Lacy had previous JOC experience. Defendant's Exh. D. Indeed, Tolwani admitted he was unfamiliar with the term JOC. Tolwani Depo. at 72. Plaintiff subsequently filed this action against Defendant claiming their failure to hire him for the positions at Fort Sam Houston was a decision impermissibly based on age.[1]

---

[1] Plaintiff further alleged Defendant did not hire him in retaliation for Plaintiff filing an EEOC claim against Defendant's parent company. First Amended Complaint. ¶ 7. By joint motion, the retaliation charge was dismissed (doc. 12). Defendant maintains the remaining failure to hire

3

## Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party

---

claim is due be dismissed as the EEOC complaint filed as to Raytheon does not serve as sufficient notice to Rust. At the PreTrial Conference, both parties orally briefed the issue. Notice to Raytheon was served on February 10, 1998 when Plaintiff filed his complaint with the EEOC. Without reaching the issue of notice to Rust, the Court finds regardless of whether the conditions precedent to the filing of this suit in district court have been met, there exists no issues of material fact. The Court notes that the EEOC complaint filed by Plaintiff as to Raytheon was before Lacy was hired by Defendant Rust.

to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for

summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

## Analysis

In an employment discrimination case, the plaintiff must produce sufficient evidence to support an inference that the defendant-employer based its employment decision on an illegal criterion. *Chapman v. AI Transport,* 180 F.3d 1244, 1248 (11th Cir. 1999) (citations omitted). In the present case, Plaintiff alleges Defendant's decision not to hire him was intentionally and impermissibly based on age. Complaint ¶ 8. Under the ADEA, it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual because of such individual's age. *See* 29 U.S.C. § 623(a)(1).

While Plaintiff does not present any direct evidence of age discrimination by Defendant Rust, an age discrimination case may be proven by circumstantial evidence. The law governing a disparate impact claim relying on circumstantial evidence is well settled. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993). *McDonnell Douglas* and its progeny have established a

triumvirate approach whereby the plaintiff must first establish a prima facie case of discrimination.

In order to make out a prima facie case for a violation ADEA, Plaintiff must show that he (1) was a member of the protected age group, (2) applied and was qualified for a position for which Defendant was accepting applications, (3) was rejected for the position despite his qualifications, and (4) after the position remained open or was filled by a substantially younger person. *Schoenfeld v. Babbit,* 168 F.3d 1257, 1267 (11th Cir. 1999).

Where the plaintiff establishes his prima facie case, a rebuttable presumption that the defendant unlawfully discriminated against him arises. *See Hicks,* 509 U.S. at 506-07. The defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. See *McDonnell Douglas,* 411 U.S. at 802. If the defendant is able to articulate a valid reason, the plaintiff can avoid summary judgment only if he is able to show that a genuine dispute of material fact exists as to whether the defendant's articulated reason was pretextual. A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. *Mitchell v. USBI Company,* 186 F.3d 1352, 1355 (11th Cir. 1999) (*citing Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1228 (11th Cir.1993) ("The burden of proving pretext merges with the plaintiff's ultimate burden of proving that age was a determining factor in his discharge.")).

In the present case, Plaintiff has failed to make out his prima facie case. It is

undisputed Plaintiff was a member of the protected age group. Plaintiff was born on May 5, 1931. Complaint. ¶ 3. At the time the claim arose, Plaintiff was 66 years old. Complaint. ¶ 7. The prohibition against discrimination by the ADEA applies to individuals who are at least 40 years of age. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311; 116 S.Ct. 1307, 1310 (1996) *citing* 29 U.S.C. § 623(a)(1). Therefore, Plaintiff was a member of the protected age group at the time the claim arose.

However, at the second prong of the prima facie case, Plaintiff's claim fails. While Plaintiff applied for the position at Rust, he was not qualified for the job. Initially, Defendant was seeking applications from one individual who was both a professional engineer and experienced in job order contract ("JOC"), a federal construction maintenance contract. Mattox Depo. at 51. Because of difficulty in finding one individual with JOC experience and a professional engineer license, Defendant requested that the government allow them to employ two separate individuals, one with a professional engineer license and another with JOC experience. Mattox Decl. ¶ 4. When the government approved the change, Defendant hired Dave Geiber and Tom Lacy for the positions. Mattox Depo. at 42. Lacy was qualified to perform the JOC work and Geiber was hired as the professional engineer. Mattox Depo. at 51.

Plaintiff alleges Defendant's hiring of Geiber and Lacy was age discrimination because they were substantially younger than Plaintiff. However, Plaintiff's allegation ignores the fact he was not qualified for the position and the fact that Plaintiff did not

want the position on Defendant's employment terms. Plaintiff, in his opposition to summary judgment, seems to contest only Defendant's hiring of Lacy. Lacy, hired to perform JOC, had experience in the field. Plaintiff would argue his work in other areas of government contracting poured over into JOC experience. However, Plaintiff himself proves experience in general does not apply to this specialty, especially in light of the fact he had to request the position be explained to him during his deposition. Tolwani at 72. Additionally, Lacy was able to relocate according to Rust's terms as opposed to Plaintiff's unwillingness to move absent a minimum per diem allowance.

Regarding the decision to hire Geiber over Plaintiff, it is clear Plaintiff was not qualified for the job. While Plaintiff was a registered professional engineer in both Ohio and Alabama, he was not registered in Texas. Defendant specifically advertised for a professional engineer registered in Texas. Mattox Decl. ¶ 9. Therefore, even though Plaintiff may have been adequately trained in professional engineering, he was not qualified for the position as he was not licensed in Texas. Regardless of whether those professional engineers registered in the State of Texas are no more qualified than those registered elsewhere, it is not the Court's duty to second-guess a company's legitimate assessment of whether an employee is qualified for a particular position. *See Mitchell v. USBI Co.*, 186 F. 3d 1352, 1354 (11th Cir. 1999) *citing Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir.1991)

Failing to meet the burden of establishing a prima facie case, Defendant's motion

for summary judgment is due to be granted. Summary judgment is appropriate against a plaintiff who fails to demonstrate that he was qualified to perform the position for which he was rejected. *See Turlington v. Atlanta Gas Light Co.,* 135 F. 3d 1428, 1433 (11th Cir. 1998) *citing Baker v. Sears, Roebuck & Co.,* 903 F.2d 1515, 1520-21 (11th Cir.1990) (*per curiam*). However, even if the Court were to assume Plaintiff presented a prima facie, Plaintiff's claim under the ADEA continues to fail as a matter of law.

In a disparate treatment case, the defendant carries the burden of production to show a legitimate, nondiscriminatory reason for its employment decision. The defendants burden in rebutting the inference created by the Plaintiff's prima facie case is "exceedingly light." *Perryman v. Johnson Products Co.,* 698 F. 2d 1138, 1142 (11th Cir. 1983). The defendant need only offer a "clear and reasonably specific explanation" capable of objective evaluation. *Connor v. Fort Gordon Bus Co.,* 761 F.2d 1495, 1499 (11th Cir. 1985).

In the case at bar, Defendant has offered a clear and specific explanation for their decision to hire Geiber over Plaintiff. In addition to being more qualified than Plaintiff as Geiber was a Texas registered professional engineer, Geiber was already located in Texas an immediately available for work. Plaintiff himself testified that during his interview he told Mr. Mattox he would not be able to relocate for another year. Plaintiff then offered as an alternative to relocating his entire family that Defendant pay him a per diem so that he could maintain an apartment in Texas and keep his residence in Alabama. Plaintiff

requested between twenty and thirty dollars a day for living expenses. Assuming Plaintiff relocated his family after one year, the per diem allowance would still cost Defendant a minimum of $5,000[2] in addition to salary and relocation costs once Plaintiff permanently moved. Such costs were not considered in the contract between Defendant and the government. Mattox Decl. ¶ 5.

On the contrary, Geiber was ready for immediate employment and was already located in San Antonio Texas. Mattox Decl. ¶ 9. Therefore, his employment would not require a per diem allowance, relocation costs and the like. In making the determination to hire Geiber over Plaintiff, such considerations were weighed. Clearly, a more economically prudent approach to performance of the contract at Fort Sam Houston constitutes a legitimate, nondiscriminatory reason for Defendant's employment decision. In fact, Plaintiff's inability to relocate disqualified him from being considered further for a position at Fort Sam Houston. Mattox Decl. ¶ 7.

Likewise, the decision to hire Lacy over Plaintiff has been clearly and reasonably specifically explained by Defendant. Lacy had experience in JOC, the only qualification for the job. Plaintiff did not. *See EEOC v. Alton Packaging Corp.*, 901 F. 2d 920, 925 (11th Cir. 1990) (decision based on an individual being more qualified than the plaintiff is nondiscriminatory). Futhermore, Lacy was willing to relocate immediately and according to the terms of Defendant's offer. Plaintiff was not. Certainly, a willingness to

---

[2] Based on a 50 week/ 5 days a week work year at a per diem rate of $20 a day.

perform the advertised job according to the stated conditions is a legitimate, nondiscriminatory reason.

Accordingly, the Court is of the opinion Defendant's motion for summary judgment on Plaintiff's ADEA claim is due to be **GRANTED**.

## Conclusion

For the above-stated reasons;

It is therefore **ORDERED** that Defendants' motion for summary judgment (doc. 16) be and hereby is **GRANTED** in accordance with the separate order this day entered.

**DONE and ORDERED** this the __19__ day of October, 1999.

_____
Inge P. Johnson
United States District Judge